By the Court. Oakley, Ch. J.
The defence in this case rested upon the submission of the matters in controversy to arbitration, and an award made under the submission.
The first question raised is upon the recital in the award, which speaks of two only of the arbitrators having heard the proofs and allegations of the parties, whereas the evidence on the trial showed that all three were ¡rresent. It was objected by the plaintiff that this evidence, being by parol, was inadmissible. We think the fact might be proved by such evidence. It does not contradict the award or alter it in any respect. The recital in the award is true, so far as the facts are stated. The statement is consistent with all three of the arbitrators having heard the proofs and allegations.
The next objection is, that the dispute decided by the arbitrators, was not the one submitted to them. That is, the bond of submission states a controversy arising under a contract dated March 20,1848, and the award is upon one dated March 21,1848. We think this variance was rightly disregarded. The statement of the question in dispute in the bond and in the award, *409 shows that the latter was identically the same with the former, the pleadings in the cause show that the contract out of which it arose, was dated March 21,1848, and there is no pretence that there ever was more than one contract or more than one controversy between the parties.
The only remaining point that requires our notice, is the omission to prove the delivery of the award to the plaintiff within the time prescribed. It is a sufficient answer to this that there is no issue upon it made by the pleadings. If there were, we should hold that his attempted revocation of the submission was a waiver of the requirement for the delivery of a copy to him.
A question was made as to Rigby’s absence when the award was signed. He was present at the hearing and final submission of the matter, and met with his associates pursuant to. appointment, to make their decision. His absenting himself on their proceeding to make it, did not affect its validity, whether his absence was Giving to his supposition that the submission was legally revoked, or to his having ascertained what the award was to be. Judgment affirmed.